**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:02-cr-0674-PMP-LRL |
| v. | |
| CHAO FAN XU, *et al.*, | MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT (#315) |
| Defendants. | |

**REPORT & RECOMMENDATION**

Defendant Guo Jun Xu is under indictment on one count of RICO Conspiracy, a violation of 18 U.S.C. § 1962(d), one count of Money Laundering Conspiracy, a violation of 18 U.S.C. § 1956(h), one count of Conspiracy to Transport Stolen Moneys, a violation of 18 U.S.C. § 371, and three counts of Use of a Fraudulently Obtained Visa, a violation of 18 U.S.C. §§ 1546(a) and 2. The matter before the court is Guo Jun Xu's Motion to Dismiss Second Superseding Indictment Counts Barred by Statute, U.S.C. Title 18 Chapter 213 (#315), in which he requests that the court dismiss the indictment as barred by the statute of limitations. The government filed a Response (#324), and defendant Ying Yi Yu filed a Joinder (#328). No reply was filed.

**BACKGROUND**

The charges in this case stem from an alleged scheme entered into by Guo Jun Xu and others to defraud the Bank of China of at least $485 million, launder the stolen money through, among other places, Hong Kong, Canada, and the United States, and flee the People's Republic of China ("China") and immigrate to the United States by entering into sham marriages with naturalized U.S. citizens. The Second Superseding Indictment was returned January 31, 2006. *Id.* It alleges that the RICO conspiracy occurred from in or about 1991, to on or about October 6, 2004; the money laundering and transport

of stolen moneys conspiracies occurred from in or about 1998, to on or about October 6, 2004; and the visa fraud occurred on or about October 6, 2000, October 2, 2001, and October 15, 2001. *Id.* at ¶ 10, 15, 18, 22.

## DISCUSSION

Guo Jun Xu argues that the indictment against him should be dismissed because it relates to activity alleged to have occurred before January 30, 2001, which falls outside the five (5) year statute of limitations set forth in 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.").

**A. RICO Conspiracy**

An indictment for RICO conspiracy "is timely if the conspiracy had not accomplished or abandoned its objectives more than five years before the date of the indictment." *United States v. Darden*, 70 F.3d 1507, 1525 (8th Cir. 1995) (citing *United States v. Rastelli*, 870 F.2d 822, 838 (2d Cir. 1989), *cert. denied*, 493 U.S. 982 (1989)). The Second Superseding Indictment alleges that the RICO conspiracy continued to on or about October 6, 2004. Second Superseding Indictment (#151) at ¶ 10. Since it was returned on January 31, 2006, less than two years after the RICO conspiracy is alleged to have ceased, the RICO charge was filed within the limitations period prescribed by § 3282(a).

**B. Money Laundering Conspiracy**

The limitations period for a money laundering action brought under 18 U.S.C. § 1956(h), also five (5) years, *see United States v. LaSpina*, 299 F.3d 165, 173 (2d Cir. 2002) (citing § 3282), runs from the time the money laundering offense is complete. *United States v. Barnes*, 230 F.3d 311, 314-15 (7th Cir. 2000); *see also United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001) ("Statute of limitations normally begin to run when the crime is complete.") (citation omitted). The laundering transaction is the "core" of the offense. *United States v. Smith*, 44 F.3d 1259, 1265 (4th Cir. 1995). As alleged in the Second Superseding Indictment, the money laundering conspiracy continued to on or about October 6, 2004. Second Superseding Indictment (#151) at ¶ 15. Specifically, from in or about 1998 to October

6, 2004, Wang Fan Kuang and others are alleged to have:

> [C]onspired to knowingly engage and attempt to engage and cause to engage and attempt to engage, in monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than ten thousand dollars ($10,000), including, but not limited to, wire transfers, deposits, withdrawals and casino transactions, such property having been derived from a specified unlawful activity, that is, fraud, and a scheme to defraud, against a foreign bank (as defined in paragraph 7 of section 1(b) of the International Banking Act of 1978), in violation fo Title 18, United States Code, Section 1957)(a).

*Id.* Hence, the money laundering conspiracy charged against Guo Jun Xu falls within the limitations period.

**C. Conspiracy to Transport Stolen Moneys**

An indictment charging conspiracy to transport stolen moneys in violation of 18 U.S.C. § 371 is timely filed if the defendant committed an overt act in furtherance thereof within five (5) years of filing. *United States v. Qayyum*, 451 F.3d 1214, 1218 (10th Cir. 2006) (citing § 3282); *see also Grunewald v. United States*, 353 U.S. 391, 397 (1957) ("To satisfy the statute of limitation, the prosecution must show that the conspiracy continued to exist five years prior to the indictment . . . and that at least one overt act in furtherance of the conspiratorial agreement was performed within that period."). The Second Superseding Indictment alleges that from in or about 1998 to on or about October 6, 2004:

> [D]efendants herein, together with persons known and unknown, knowingly and willfully conspired to transport, transmit, and transfer, and cause to be transported, transmitted and transferred, in interstate and foreign commerce, any securities and money, of value of $5,000 or more, knowing the same to have been stolen, converted and taken by fraud, in violation of Title 18, United States Code, Section 2314.

Second Superseding Indictment (#151) at ¶ 18.

The indictment goes on to allege two overt acts that occurred after January 31, 2001; namely, that Guo Jun Xu and others, in furtherance of the conspiracy to transport stolen moneys, (1) deposited four (4) checks totaling approximately $2 million in the name of Kong Wa Po at the Hong Kong office of the Rio Suite Hotel and Casino on or about April 27, 2001; and (2) issued a personal check to Caesars Palace Hotel and Casino in Las Vegas, in the amount of approximately $1 million, drawn on

3

a Bank of America checking account in the name of Hui Yat Fai, dated May 7, 2001. *Id.* at ¶ 20(d), (e). As the requisite overt acts have been alleged as within the limitations period, the Second Superseding Indictment, with respect to the conspiracy to transport stolen moneys, is timely.

**D.  Use of a Fraudulently Obtained Visa**

18 U.S.C. §§ 1546(a) and 2 also have a five (5) year limitations period. *United States v. Alameh*, 341 F.3d 167, 171 (2d Cir. 2003) (citing § 3282). The indictment charges that the visa fraud offenses occurred on October 6, 2000, October 2, 2001, and October 15, 2001. *Id.* at ¶ 22. The latter two offense dates, alleged in Count 8 and Count 9 of the Second Superseding Indictment, fall well within the limitations period. *See id.* Further, although the Second Superseding Indictment was returned more than five years after the October 6, 2000 offense charged in Count 7, the October 6, 2000 offense was originally charged in the first Superseding Indictment, which was returned on September 21, 2004. The charge is therefore timely.

> Once an indictment is returned the statute of limitations is tolled as to the charges contained in the indictment. *United States v. Wilsey*, 458 F.2d 11, 12 (9th Cir. 1972). A superseding indictment returned while the first indictment is pending is timely unless it 'broaden[s] or substantially amend[s]' the charges in the original indictment. *United States v. Grady*, 544 F.2d 598, 602 (2d Cir. 1976). *See also United States v. Friedman*, 649 F.2d 199, 203-04 (3d Cir. 1981); *United States v. Charnay*, 537 F.2d 341, 354 (9th Cir.), *cert. denied*, 429 U.S. 1000 (1976). To determine whether the superseding indictment impermissibly changed the charges in the original indictment it is necessary to examine the two indictments carefully. *Charnay*, 537 F.2d at 354; *see also Mende v. United States*, 282 F.2d 881, 883 (9th Cir.1960), *cert. denied*, 364 U.S. 933 (1961).

*U.S. v. Sears, Roebuck & Co., Inc.*, 785 F.2d 777, 778-79 (9th Cir. 1986), *overruled on other grounds in* 877 F.2d 734, 739-741 (9th Cir. 1989).

The first Superseding Indictment alleged that, on or about October 6, 2000, Guo Jun Xu knowingly used and presented a United States non-immigrant visa knowing it to have been procured by fraud and false statement, for the purpose of entering the United States at Las Vegas, in violation of §§ 1546(a) and 2. Superseding Indictment (#7) at ¶ 15. In the Second Superseding Indictment, Guo Jun Xu is still charged with using a fraudulently obtained non-immigrant visa for entry into the United States in violation of §§ 1546(a) and 2. See #151 at ¶ 22. Specifically, he is alleged to have used

4

United States non-immigrant visas issued in the name of Hui Kit Shun on September 20, 2000 and January 19, 2001. *Id.* Therefore, the only material additions made in the Second Superseding Indictment are those regarding the name and issue dates of the visas involved. This does not broaden the charge, but rather narrows it to the relevant details. Thus, the Second Superseding Indictment relates back to the first Superseding Indictment with regard to the October 6, 2000 use of a fraudulently obtained visa charged against Guo Jun Xu.

**E.  Use of a Fraudulently Obtained Passport**

Ying Yi Yu joins Guo Jun Xu's Motion to Dismiss (#315), including that portion relating to visa fraud offenses; however, Ying Yi Yu has not been charged with visa fraud. To the extent she seeks dismissal of the passport fraud charges, the limitations period for such a crime is ten (10) years. 18 U.S.C. § 3291. The Second Superseding Indictment alleges that the passport fraud offenses occurred on October 4, 2000, October 7, 2000, and October 10, 2000, all within the limitations period. Hence, the Second Superseding Indictment is timely in this regard as well.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the court deny Guo Jun Xu's Motion to Dismiss Second Superseding Indictment Counts Barred by Statute, U.S.C. Title 18 Chapter 213 (#315).

DATED this 23rd day of January, 2008.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**